IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LINDA WATKINS-DILLON, on her own behalf and on behalf of her minor daughter BRITNEY DILLON,<br><br>        Plaintiffs,<br><br>        v.<br><br>THE CITY OF CHICAGO, CHICAGO POLICE OFFICER GRUBBS, CHICAGO POLICE OFFICER GAS, CHICAGO POLICE OFFICER MENA, and UNKNOWN CHICAGO POLICE OFFICERS,<br><br>        Defendants. | FILED: JUNE 25, 2008<br>08CV3640<br>JUDGE GETTLEMAN<br>MAGISTRATE JUDGE ASHMAN<br><br>TC<br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, LINDA WATKINS-DILLON, on her own behalf and on behalf of her minor daughter BRITNEY DILLON, by their attorneys, LOEVY & LOEVY, complain of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICER GRUBBS, CHICAGO POLICE OFFICER GAS, CHICAGO POLICE OFFICER MENA, and UNKNOWN CHICAGO POLICE OFFICERS (collectively, the "Defendant Officers"), and state as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

**Background**

4. Plaintiff Linda Watkins-Dillon is a 36-year-old Illinois Board Certified Nurses' Assistant and a life-long resident of Chicago. Until her encounter with Defendant Officers, Plaintiff had never been arrested.

5. Plaintiff Britney Dillon, Linda Watkins-Dillon's daughter, is 14 years old, and attends seventh grade in Chicago.

6. On or about the morning of April 21, 2008, Ms. Watkins-Dillon drove her two children, Derrick, age 4, and Plaintiff Britney, age 14, to Derrick's preschool on Chicago's south side.

7. Britney escorted Derrick to the preschool's entrance.

8. As Ms. Watkins-Dillon was waiting in the car for Britney to return, a police car parked in front of her. Defendant Chicago Police Officer Grubbs approached and asked Ms. Watkins-Dillon for her identification. Ms. Watkins-Dillon complied, and Officer Grubbs returned to his vehicle.

9. Britney returned to her mother's car.

10. Additional squad cars arrived on the scene.

11. Defendant Chicago Police Officer Gas walked to Ms. Watkins-Dillon's car, ordered her out, and told her that she was under arrest for prostitution and domestic battery.

12. Officer Gas also ordered Ms. Watkins-Dillon to put her hands on the trunk of the car, which Plaintiff did.

13. Defendant Officer Mena then grabbed Ms. Watkins-Dillon's arm and began to handcuff her. Plaintiff stated that her arm had been hurting, and asked that the officers be careful. Despite this, one or more Defendants twisted Ms. Watkins-Dillon's arm, causing immediate pain and swelling in her left arm, including to her shoulder, elbow and wrist.

14. Ms. Watkins-Dillon was then placed in the back of a squad car. Britney remained in her mother's car, alone and frightened.

15. While in the squad car, Ms. Watkins-Dillon heard someone say the name "Linda J. Dillon." Plaintiff explained to Defendant Officers that her name was "Linda M. Watkins-Dillon," and that they were arresting the wrong person.

16. A group of preschool teachers who knew Ms. Watkins-Dillon, including the director of the school, also attempted to convince Defendant Officers that they had the wrong person.

17. Ms. Watkins-Dillon overheard conversations between dispatch and the Defendant Officers. A Defendant repeatedly gave Plaintiff's driver's license number, to which dispatch would respond that her license was "clean."

18. Ms. Watkins-Dillon asked Defendants if she could speak to a sergeant, but her request was ignored.

19. Instead, Defendant Officers took Ms. Watkins-Dillon to the police station.

20. Officer Mena searched Ms. Watkins-Dillon's car. He then took Britney to the police station.

21. Upon arriving at the station, Plaintiff asked again to speak to a sergeant. Defendant Gas said that a Detective would arrive shortly to interview her.

22. However, Mrs. Watkins-Dillon was never interviewed at the station, nor was she allowed to speak to a sergeant. Instead, she was brought to a small room, where she was handcuffed to a pole.

23. Plaintiff's daughter Britney was also brought to the room.

24. After hours chained to the pole, Ms. Watkins-Dillon was released. As Defendant Grubbs escorted her and her daughter out of the station, he gave no explanation for their arrest.

4

25. Neither Ms. Watkins-Dillon nor her daughter were charged with any crime nor cited with any offense.

26. In pain from the handcuffing, Ms. Watkins-Dillon drove to an emergency room, where she was diagnosed with multiple injuries.

27. As a result of the incident, Ms. Watkins-Dillon continues to suffer severe pain, and also suffers decreased mobility of her left shoulder, arm and wrist.

### Count I -- 42 U.S.C. § 1983+9
### Excessive Force

28. Each Paragraph of this Complaint is incorporated herein.

29. As described above, the conduct of one or more of the Defendant Officers constituted excessive force in violation of the United States Constitution.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with wilful indifference to Linda Watkins-Dillon's constitutional rights.

31. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

32. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department. Police officers routinely fail to report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so; and

e. The City of Chicago has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

33. As a result of the Defendant Officers' unjustified and excessive use of force and the City's policy and practice, Linda Watkins-Dillon has suffered pain and injury, including emotional distress.

### Count II -- 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

34. Each Paragraph of this Complaint is incorporated herein.

35. As described more fully above, the Defendant Officers falsely arrested and unlawfully detained Plaintiffs without justification and without probable cause.

36. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

37. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

38. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

### Count III -- 42 U.S.C. § 1983
### Unreasonable Search and Seizure

39. Each Paragraph of this Complaint is incorporated herein.

40. As described above, Plaintiff Linda Watkins-Dillon's vehicle was searched by one or more of the Defendant Officers in a manner which violated the Fourth Amendment.

41. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

42. As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, Plaintiff has suffered injury, including emotional distress.

### Count IV -- 42 U.S.C. § 1983
### Failure to Intervene

43. Each Paragraph of this Complaint is incorporated herein.

44. As described more fully above, one or more Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights as set forth above had they been so inclined, but failed to do so.

45. Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

46. As a result of Defendant Officers' failure to intervene, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

### Count V - State Law Claim
### Assault and Battery

47. Each Paragraph of this Complaint is incorporated herein.

48. As described in the preceding paragraphs, the conduct of one or more Defendant Officers, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Ms. Watkins-Dillon's bodily injuries.

49. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Ms. Watkins-Dillon's constitutional rights.

50. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

51. As a result of the offensive touching, undertaken pursuant to the City's policy and practice as described above, Ms. Watkins-Dillon sustained bodily and other injuries, including

but not limited to a reasonable apprehension of great bodily harm.

### Count VI – State Law Claim
### False Imprisonment

52. Each Paragraph of this Complaint is incorporated herein.

53. Plaintiffs were arrested and imprisoned, and thereby had their liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

54. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights and to the rights of others.

55. As a result of the above-described wrongful infringement of Plaintiffs' rights, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

### Count VII -- State Law Claim
### Respondeat Superior

56. Each Paragraph of this Complaint is incorporated herein.

57. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

58. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT IX -- State Law Claim
### Indemnification

59. Each Paragraph of this Complaint is incorporated herein.

60. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

61. The Defendant Officers are or were employees of the Chicago Police Department who acted within the scope of their employment in committing the misconduct described above.

WHEREFORE, LINDA WATKINS DILLON, on her own behalf and on behalf of her minor daughter BRITNEY DILLON, respectfully requests that this Court enter judgment in their favor and against Defendants, THE CITY OF CHICAGO, OFFICER GAS, OFFICER GRUBBS, OFFICER MENA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER GAS, OFFICER GRUBBS, OFFICER MENA, and UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, as well as any other relief this Court deems just and appropriate.

11

**JURY DEMAND**

Plaintiff LINDA WATKINS DILLON, on her own behalf and on behalf of her minor daughter BRITNEY DILLON, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 North May
Suite 100
Chicago, IL 60607
(312) 243-5900